FILED - USDC - FLMD - JAX
AUG 18 2026 PM12:32

**ELIJAH WHITTAKER**
Plaintiff, Pro Se
1144 Glencarin St
Jacksonville, FL 32208

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**ELIJAH WHITTAKER,**

Plaintiff,

**v.**

**EQUIFAX INFORMATION SERVICES LLC,**

Defendant,

**Civil Action No.:** 3:26-CV-2148-WWB-SJH

**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED**

**COMES NOW**, Plaintiff, **ELIJAH WHITTAKER**, a natural person and consumer residing at 1144 Glencarin St, Jacksonville, FL 32208, appearing **pro se**, and respectfully brings this action against Defendant, **EQUIFAX INFORMATION SERVICES LLC**, a consumer reporting agency with its principal place of business at P.O. Box 105888, Atlanta, Georgia 30348, pursuant to the **Fair Credit Reporting Act (FCRA),** 15 U.S.C. § 1681 et seq., and in support thereof alleges, states, and avers as follows**:**

Plaintiff brings this Complaint to seek redress for Defendant's willful, reckless, and negligent violations of federal law arising from the reporting, maintenance, and verification of multiple accounts identified as belonging to the U.S. Department of the Treasury on Plaintiff's consumer credit report. Despite Plaintiff's repeated disputes, Defendant failed to conduct a reasonable investigation, continued to report incomplete, inaccurate, and unverifiable information, and acted in contravention of its statutory duties under the FCRA.

Through this action, Plaintiff seeks declaratory and injunctive relief requiring Defendant to correct or delete the inaccurately reported accounts, prevent future misreporting, and to recover statutory, actual, and punitive damages, as well as costs and attorneys' fees to which Plaintiff is entitled under federal law. Plaintiff further seeks compensation for the emotional distress, anxiety, frustration, and reputational harm caused by Defendant's ongoing unlawful reporting practices, which have persisted for an extended period despite Plaintiff's timely and proper notifications and efforts to resolve the matter.

## I. Nature of Action

1. This is an action for statutory, actual and punitive damages as well as declaratory and injunctive relief, arising from defendant(s) violation(s) to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

## II. Parties

2. Plaintiff, Elijah Whittaker is a natural person residing in Jacksonville, Florida.
3. Elijah Whittaker is a "consumer" as defined in 15 U.S.C. § 1681a(c).
4. Upon information and belief, Defendant, Equifax Information LLC ("Equifax") is a consumer reporting agency as defined under the 5 U.S.C. § 1681a(f) that compiles and maintains consumer credit information for dissemination to third parties for the purpose of evaluating consumers for credit, insurance, employment and other permissible purposes.
5. Upon information and belief Equifax principal place of business is located at PO Box 105888, Atlanta, Georgia 30348.
6. Respondent acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**III. Background the FCRA**

7. The FCRA was enacted by Congress to promote the accuracy and fairness of credit reporting and that:

(1) The banking system is dependent upon fair and accurate credit reporting.

Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to

privacy." 15 U.S.C § 1681.

**IV. Jurisdiction and Venue**

8. This court has subject matter jurisdiction pursuant to 28 USC § 1331 because this action arises under the law of the United States, specifically the Fair Credit Reporting Act (FCRA) 15 U.S.C § 1681 etseq. The FCRA establishes federal standards governing the collection, dissemination and use of consumer credit information and provides consumer with private right of action against consumer reporting agencies for violations of its provisions.
9. Specifically,the FCRA imposes strict obligations on consumer reporting agencies, including a duty to follow reasonable procedures to assure maximum possible accuracy of the information reported, as set forth in 15 USC §1681 e (b) and a duty to conduct reasonable reinvestigations of disputed information, as set forth in 15 USC § 1681 i (a). Plaintiff's claims arise directly under the provisions, establishing this court's federal question jurisdiction.

10. Venue is proper in this district pursuant to 28 USC § 1391 (b) because Plaintiff resides within the District and defendant regularly conducts business within this district, including the collection, maintenance, and reporting of Plaintiff's consumer credit information.

11. A substantial part of events giving rise to this complaint occurred in this District, including the dissemination of inaccurate and incomplete tradelines by Defendant, the receipt of Plaintiff's dispute letters, and the harm caused to Plaintiff's creditworthiness, reputation and financial standing.

12. Defendant maintains substantial operations in the District, markets its consumer reporting services nationwide and routinely report credit information concerning residents of this, thereby establishing both general and specific contacts sufficient for venue and jurisdiction.

13. The unlawful reporting, verification, and continued maintenance of incomplete and inaccurate accounts in Plaintiff's credit report occurred within this district, causing direct and ongoing harm to Plaintiff in the District, including damage to credit reputation, denial of credit opportunities, emotional distress, and other consequential damages.

14. Additionally, Plaintiff submitted multiple disputes while residing in this District and defendant's responses including the verification of inaccurate information without correction were received and reviewed by Plaintiff in this District, further establishing the district as the proper venue for this action.

**V. Factual Allegations**

15. In 2025, Plaintiff, Elijah Whittaker obtained a consumer credit report from Defendant Equifax Information Services LLC ("Equifax") which has multiple tradelines attributed to the United Statess Department of the Treasury, including accounts with numbers ending in 16, 25, CO, K7, 6C.

16. Upon review of Plaintiff's credit report it become apparent that the reported treasury accounts were materially incomplete, lacking essential information required by the Fair Credit Reporrting Act (FCRA) 15 USC & 1681 et seq, and the Metro 2 reporting standards. Specifically, the accounts failed to include the correct or lack of theirof:

a. Payment history

b. Account opening and closed dates

c. Last payment dates; and

d. Account age of length of tradeline

17. With the absence of such crucial information, Equifax is still and has reported these accounts as closed with outstanding balances and incorrect payment history, therefore misrepresenting Plaintiff's financial standing and creditworthiness, in violation of its duties under 15 USC §§ 1681e(b) and 1681 i(a)

18. These incomplete and inaccurate reporting of these accounts has negatively impacted my credit profile, reputation, and ability to obtain credit, causing harm, frustration and emotional distress.

19. On or around September 24, 2025, Plaintiff sent a written dispute letter to Equifax identifying missing data points including incorrect inaccurate payment history, last payment dates and requested for them to either update the information or delete the account. A true and correct copy of this correspondence is attached as Exhibit A.

20. On or around October 1st, 2025, with a confirmation number of **5270522733**, Equifax completed their investigation stating that they had "verified" the items and they are reporting correctly. Equifax failed to provide any supporting documentation, nor did it add the missing information or delete the accounts. The dispute confirmation is attached as Exhibit B.

21. When the CRA said the information was "verified," that was a violation because there was no account-level documentation provided such as proof.

22. As the FCRA does not define "verify" or "investigation", we must look to the ordinary meaning of those terms. *See* **United States v. Santos**, 553 U.S. 507, 511, 128 S. Ct. 2020, 2024 (2008) ("when a term is undefined, we give it its ordinary meaning, courts often turn to dictionary definitions for guidance.")

23. The ordinary meaning of "verification" is: (1) "evidence that establishes or confirms the accuracy or truth of something"; (2) "the process of research, examination, etc., required to prove or establish authenticity or validity"; (3) "a formal assertion of the truth of something, as by oath or affidavit"; and (4) "a short confirmatory affidavit at the end of a pleading or petition." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 782–83 (6th Cir. 2014) (quoting *Random House Unabridged Dictionary* 2113 (2d ed. 1993)). "Verify" has a similar meaning in the legal context. *See Black's Law Dictionary* 1793 (10th ed. 2014) ("verify vb. (14c) 1. To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. 2. To confirm or substantiate by oath or affidavit; to swear to the truth of." Finally, the term "investigation" is defined as "[a] detailed inquiry or systematic examination" or "a searching inquiry." *Johnson*, 357 F.3d at 430 (quoting *Am. Heritage Dictionary* 920 (4th ed. 2000); *Webster's Third New Int'l Dictionary* 1189 (1981)).

24. Plaintiff's initial dispute specifically expresses the concern of the payment history being incorrect as it is materially misleading to have **"No data"** in the middle of an account for months which can be conveyed as incomplete. As well as the payment history, specifically the Date of First Delinquency without having a payment history is factually impossible and violates the FCRA and Metro 2 standards, which require furnishers and consumer reporting agencies to report complete, consistent and accurate data as well as conduct their own independent investigation, and cannot rely solely on a furnisher's response when verifying a dispute Cushman vs. Transunion 115 F.3d 220 (3d Cir. 1997).

25. An entire period of 10 months has passed since Plaintiff's first disputed the incomplete accounts, yet Equifax profusely published these accounts as accurate and complete, failing to delete or correct the incomplete, misleading and unverifiable information.

26. Plaintiff has repeatedly requested via certified mail that Equifax either correct the incorrect and incomplete data points or delete the accounts, to comply with its grave responsibilities and statutory obligations under the FCRA.

27. Equifax has failed to take any meaningful action, thereby demonstrating willful, reckless and negligent disregard for Plaintiff's statutory rights. Subsequently these accounts are still reporting

inaccurately, and incompletely despite the numerous disputes that were placed as recent as last month. The failure to correct or delete these accounts constitutes ongoing misrepresentation and noncompliance with federal law.

28. Plaintiff incorporates and is entitled to recover actual damages, statutory damages, punitive damages, costs from Equifax pursuant to 15 U.S.C. federal law.

## VI. VIOLATIONS OF THE CREDIT REPORTING ACT

### COUNT I

### 15 U.S.C. § 1681i(a): Failure to Conduct a Reasonable Reinvestigation

29. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

30. Under **15 U.S.C. § 1681i(a)**, a consumer reporting agency is required to conduct a reasonable, timely, and good-faith reinvestigation of disputed information upon receiving notice of a dispute from a consumer.

31. Plaintiff submitted multiple disputes to Defendant for the account numbers ending in **25, K7, 96, and 6C**.

32. Despite receiving clear notice of these deficiencies, Defendant failed to conduct a reasonable and meaningful reinvestigation, and instead relied on cursory verification from the furnisher.

33. Defendant verified the disputed information as accurate without correcting missing data, providing documentation, or deleting unverifiable accounts.

34. A reasonable investigation would have revealed that the reported information was incomplete, misleading, and incapable of verification, and therefore inaccurate as a matter of law.

35. Courts have held that a consumer reporting agency must conduct more than a superficial investigation.

36. Defendant's conduct constitutes a superficial, unreasonable, and statutorily deficient investigation in violation of § 1681i(a).

37. As a direct and proximate result, Plaintiff has suffered damages and is entitled to all relief available under the FCRA.

38. In Cushman v. TransUnion Corp., 115 F.3d 220 (3rd Cir. 1997) The court ruled that CRAs cannot simply rely on furnishers' response when verifying a dispute; they must conduct their own independent reinvestigation.

### COUNT II

### 15 U.S.C. § 1681e(b): Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

39. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

40. Under **15 U.S.C. § 1681e(b)**, Defendant is required to maintain and follow reasonable procedures to ensure maximum possible accuracy of the information it reports.

41. Defendant reported tradelines attributed to the U.S. Department of the Treasury, including accounts ending in **25, K7, 96, and 6C**.

42. These tradelines were materially incomplete, lacking payment history, open dates, last payment dates, and account age.

43. Despite these deficiencies, Defendant reported the accounts as accurate and complete, thereby misleading potential creditors and users of Plaintiff's credit report.

44. Defendant failed to implement procedures reasonably designed to prevent the reporting of incomplete and unverifiable data.

45. Defendant's actions constitute a willful, reckless, and negligent failure to ensure maximum possible accuracy in violation of § 1681e(b).

46. As a direct and proximate result, Plaintiff has suffered damages and is entitled to relief under the FCRA.

47. In Dennis v. BEH-1, LLC, 520 F.3d 1066 (9th Cir. 2008), the Ninth Circuit ruled that A CRA must ensure their reports are accurate 100% and that failure to do so can result in liability.

## COUNT III

**15 U.S.C. § 1681i(a)(6) & (7): Failure to Provide Results and Method of Verification**

48. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

49. Under **15 U.S.C. § 1681i(a)(6)**, Defendant is required to provide the consumer with written notice of the results of a reinvestigation, including a description of the procedures used.

50. Under **15 U.S.C. § 1681i(a)(7)**, Defendant must, upon request, provide a description of the method of verification, including the name, address, and telephone number of any furnisher contacted.

51. Defendant failed to provide Plaintiff with a meaningful or adequate description of the investigation procedures, instead issuing generic and conclusory statements that the accounts were verified as reported correctly.

52. Defendant failed to disclose what documents were reviewed, what data was relied upon, or how the verification was performed, thereby depriving Plaintiff of the ability to meaningfully challenge the results.

53. This failure constitutes a violation of Defendant's statutory disclosure obligations and further demonstrates the inadequacy of its reinvestigation.

54. As a direct and proximate result, Plaintiff has suffered damages and is entitled to relief under the FCRA.

55. In Norman v. TransUnion, the court emphasized that CRAs must verify each specific piece of disputed information and provide meaningful reinvestigation details & results.

## COUNT IV

**15 U.S.C. § 1681i(a)(5): Failure to Modify, Delete, or Block Inaccurate or Unverifiable Information**

56. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

57. Under **15 U.S.C. § 1681i(a)(5)**, Defendant is required to **delete or modify information** found to be inaccurate, incomplete, or unverifiable following a reinvestigation.

58. The tradelines at issue were **incomplete and incapable of verification**, as they lacked essential data such as payment history and key account dates.

59. Despite this, Defendant failed to delete or correct the accounts and instead continued to report them as accurate.

60. Information that is **incomplete or cannot be verified is inherently unreliable and inaccurate** under the FCRA and must be removed.

61. Defendant's continued reporting of such information constitutes a **willful and negligent violation** of § 1681i(a)(5).

62. Courts have held that a consumer reporting agency must delete or modify information that cannot be verified. In **Guimond v. Trans Union Credit Information Co., 45 F.3d 1329 (9th Cir. 1995)**, the court confirmed that a CRA's failure to remove unverifiable information violates the FCRA.

63. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and is entitled to all available relief under the FCRA.

## VII. DECLARATORY RELIEF AND EQUITABLE RELIEF

64. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

65. Plaintiff seeks equitable and declaratory relief requiring Defendant, Equifax Information Services LLC, to take affirmative action to rectify the ongoing violations of the Fair Credit Reporting Act and to prevent further harm to Plaintiff.

66. Specifically, Plaintiff requests that this Court enter an order directing Equifax to:

**a.** **Delete** the tradelines attributed to the **U.S. Department of the Treasury**, including account numbers ending in **25, K7, 96, and 6C**, from Plaintiff's consumer credit report in their entirety; or, in the alternative,

**b.** **Correct and update** the aforementioned tradelines to ensure that they include complete, accurate, and verifiable information, consistent with Metro 2 reporting standards, federal law, and Equifax's statutory obligations under **15 U.S.C. §§ 1681e(b) and 1681i(a)**.

67. Plaintiff further requests that this Court grant appropriate equitable relief prohibiting Equifax from:

**a.** **Re-reporting the incomplete, inaccurate, or unverifiable tradelines** identified herein;

b. **Failing to implement reasonable procedures** to ensure the maximum possible accuracy of information in Plaintiff's consumer credit file; and

c. **Ignoring or failing to properly investigate** future disputes submitted by Plaintiff regarding the completeness or accuracy of his credit information.

68. The requested equitable and declaratory relief is necessary to prevent ongoing and future harm to Plaintiff, including damage to his creditworthiness, financial standing, reputation, and emotional well-being, and to ensure Equifax's compliance with its statutory obligations under the FCRA.

## VIII. DAMAGES

69. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

70. As a direct and proximate result of Equifax Information Services LLC's willful, negligent, and reckless conduct in failing to maintain reasonable procedures to ensure maximum possible accuracy and in failing to conduct a reasonable reinvestigation of disputed information, Plaintiff has suffered substantial harm, including severe emotional distress, ongoing frustration, anxiety, humiliation, and mental anguish.

71. Equifax's conduct has caused Plaintiff to experience stress, worry, and concern regarding his creditworthiness, financial standing, and personal reputation, all of which are ongoing and have negatively impacted Plaintiff's daily life, personal relationships, and financial opportunities.

72. Equifax acted with willful disregard, reckless indifference, and a knowing failure to comply with its statutory obligations under the Fair Credit Reporting Act, including 15 U.S.C. §§ 1681e(b) and 1681i(a), despite repeated notices, formal disputes, and submissions to the Consumer Financial Protection Bureau.

73. Plaintiff is therefore entitled to recover statutory damages pursuant to **15 U.S.C. § 1681n**, as Equifax's violations were willful, knowing, and deliberate, warranting enhancement beyond actual damages.

74. In addition to statutory damages, Plaintiff is entitled to recover actual damages, including compensation for the emotional distress, mental anguish, anxiety, humiliation, frustration, and reputational harm caused by Equifax's repeated dissemination of inaccurate, incomplete, and unverifiable information.

75. Plaintiff also seeks punitive damages in an amount of **at least $75,000** to punish Equifax for its egregious and willful violations of federal law and to deter Equifax and other consumer reporting agencies from engaging in similar misconduct in the future.

76. Plaintiff further seeks all costs of this action, including reasonable attorneys' fees, as permitted under **15 U.S.C. §§ 1681n and 1681o**, together with any other relief the Court deems just and proper under the circumstances.

## IX. EXHIBIT INDEX

77. **Exhibit A – Plaintiff's Written Dispute Letter to Equifax**

A true and correct copy of the written correspondence sent by Plaintiff to Equifax, identifying incomplete and inaccurate tradelines attributed to the U.S. Department of the Treasury.

78. **Exhibit B – Equifax's Response to Plaintiff**

A true and correct copy of Plaintiff's dispute and Equifax's response, including its reinvestigation results, which verified the disputed accounts without providing supporting documentation or correcting the disputed information.

## X. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff, ELIJAH WHITTAKER,** respectfully requests that this Court enter judgment in his favor and against Defendant, Equifax Information Services LLC, and grant the following relief:

79. First, that the Court issue an order **directing Equifax to delete the incomplete and inaccurate tradelines attributed to the U.S. Department of the Treasury**, including account numbers ending in **25, K7, 96, and 6C**, from Plaintiff's consumer credit report in their entirety; or, in the alternative, that the Court order Equifax to correct and update the aforementioned tradelines to include complete, accurate, and verifiable information, fully consistent with the statutory requirements of the Fair Credit Reporting Act, including **15 U.S.C. §§ 1681e(b) and 1681i(a)**, and the **Metro 2 reporting standards**.

80. Second, that the Court grant appropriate equitable relief to prevent Defendant from continuing from re-reporting the incomplete, inaccurate, or unverifiable tradelines at issue, and from failing to implement and maintain reasonable procedures to ensure the maximum possible accuracy of the information contained in Plaintiff's consumer credit file.

81. Third, that the Court award Plaintiff **statutory damages** as provided under **15 U.S.C. §§ 1681n and 1681o**, recognizing Equifax's willful and reckless violations of federal law.

82. Fourth, that the Court award Plaintiff **actual damages**, including compensation for the emotional distress, anxiety, frustration, humiliation, mental anguish, and harm to reputation suffered as a direct and proximate result of Equifax's unlawful reporting practices.

83. Fifth, that the Court award Plaintiff **punitive damages** in an amount to be determined at trial, but not less than **$75,000**, to punish Equifax for its willful, reckless, and deliberate violations of the Fair Credit Reporting Act and to deter Equifax and other consumer reporting agencies from engaging in similar misconduct in the future.

84. Sixth, that the Court award Plaintiff all costs of this action, including reasonable attorneys' fees, as permitted under the Fair Credit Reporting Act, together with any other relief to which Plaintiff may be entitled under law or equity.

85. Finally, that the Court grant such further and additional relief as the Court may deem just, equitable, and proper, including, without limitation, declaratory relief confirming that Equifax's reporting of incomplete and inaccurate information violated the FCRA, and any other relief necessary to fully remedy the harm suffered by Plaintiff.

## XI. JURY TRIAL DEMAND

**Plaintiff hereby demands a trial by jury on all issues so triable.**

**Respectfully submitted,**

**Dated: ______________________________,2026**

__________________________________

**ELIJAH WHITTAKER,**

**Plaintiff, Pro Se**

**CERTIFICATE OF SERVICE**

I, **Elijah Whittaker**, Plaintiff, Pro Se, hereby certify that on this ___ day of _____________, 2026, a true and correct copy of the foregoing **Complaint for Violations of the Fair Credit Reporting Act (FCRA)** was served on the Defendant, **Equifax Information Services LLC**.

**Defendant's Service Address:**
**Equifax Information Services LLC**
**P.O. Box 105888**
**Atlanta, Georgia 30348**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Dated: ___________________, 2026**

____________________________

**Elijah Whittaker**
Plaintiff, Pro Se